UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATHALIE J. SAFAR, INDIVIDUALLY, and on behalf of HER TWO DAUGHTERS AND JOSHUA ALPERT,<br><br>    Plaintiffs,<br><br>    v.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>DOOR CONCEPTS, INC.,<br><br>    Third-Party Defendant. | No. 18-cv-12515-DLC |

**ORDER ON DEFENDANT WHOLE FOODS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 140) AND DEFENDANT DOOR CONCEPTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 144)**

Cabell, U.S.M.J.

    Plaintiff Nathalie Safar contends that she suffered serious injuries when she was struck by an automatic door at a Whole Foods store in Newton, MA, and she has brought claims against both Whole Foods Market Group. Inc. (Whole Foods), and Door Concepts, Inc. (Door Concepts).  Whole Foods has also asserted a third-party claim against Door Concepts.  Presently pending are Whole Foods' motion for summary judgment as to the plaintiff's claims , and Door Concepts' motion for summary as to all claims asserted against it

by both the plaintiff and Whole Foods. [Dkt. Nos. 140, 144]. For the following reasons, both motions are denied.

In the interests of brevity and an appreciation of the parties' present schedule, the court assumes both the parties' familiarity with the relevant undisputed facts, which are viewed in a light most favorable to the non-moving party, as well as the standard for summary judgment, and sets forth for now just its rulings based on those facts and the applicable legal standard. The court reserves the right, should circumstances warrant, to issue a more fulsome memorandum at a later date.

With respect to Whole Foods' motion, Whole Foods is not entitled to summary judgment because there remain genuine issues of material fact as to whether Whole Foods was negligent in the incident that resulted in the plaintiff's alleged injuries. There is evidence to suggest both that the subject door malfunctioned so as to have caused the plaintiff's injuries and that Whole Foods had sufficient notice of the malfunction.

Although the court does not specifically rely on *res ipsa loquitur* in so ruling, it notes Whole Foods' assertion that the doctrine does not apply here, because the evidence shows that the plaintiff's negligence caused or contributed to her injury. But even assuming the evidence may be such as to defeat a *res ipsa* inference at trial, it is insufficient to establish that there is

no genuine dispute of material fact as to who was responsible for the accident.

Further, Whole Foods' argument that the superscan sensor and latch check function are irrelevant to this case, even if accepted as true, does not constitute a sufficient basis upon which to grant summary judgment.  Removing these components from consideration does not resolve the dispute over how the accident occurred or whether it was due to Whole Foods' negligence.

For the foregoing reasons, summary judgment is not appropriate as to the plaintiff's negligence claim against Whole Foods.

With respect to Door Concepts' motion, Door Concepts is not entitled to summary judgement on the negligence, negligent misrepresentation, indemnity, contribution, or breach-of-warranty claims against it, as there remain genuine issues of material fact with respect to each.

There is evidence of negligence on the part of Door Concepts, including email communications and depositions indicating that Door Concepts failed to adequately install or replace certain door components, and that it knew the door's breakout problem was likely to continue after November 2015.  This evidence gives rise to a genuine dispute of material fact, making summary judgment inappropriate.  Door Concepts' arguments regarding *res ipsa*

3

*loquitur* are essentially the same as Whole Foods' and are unavailing at this stage for the same reasons.

Similar issues render summary judgment inappropriate for Door Concepts' negligent misrepresentation claim.  Whole Foods points to several statements Door Concepts made in 2015 in which Door Concepts allegedly misled Whole Foods regarding the suitability of the retrofit kit and the functionality of the door.  It is for the jury to determine at trial whether these statements rise to the level of negligent misrepresentation.

Going on, Door Concepts points to evidence of Whole Foods' active negligence to argue for summary judgment on the latter's indemnity claim (e.g., footage of a Whole Foods employee apparently observing the door malfunctioning prior to the incident without taking corrective action; a report from a Door Concepts technician that notes at least one Whole Foods employee breaking the door out for cleaning).  But because there is a genuine dispute of material fact as to Whole Foods' active negligence, as noted above, summary judgment is not proper here.  That being said, it is readily apparent to this court that a reasonable jury could find that Whole Foods' conduct contributed to the plaintiff's injury, in which case Whole Foods would not be entitled to indemnity.

Next, Door Concepts moves for summary judgment on Whole Foods' contribution claim.  A ruling on contributions at this stage,

4

however, is premature.  Any rights to contribution, if appropriate, can only be properly determined after the parties' liability is established.  *See* Mass. Gen. Laws c. 231B, § 1.

Finally, Door Concepts argues that the breach-of-warranty claims against it fail because (1) the door components at issue are not goods under the Uniform Commercial Code; (2) if they are goods, then they are incidental to the provision of services; and (3) there was no particular purpose intended for these components beyond ordinary use.  Each of these arguments concerns questions of fact for which conflicting evidence exists in the record.  Accordingly, the jury should decide those questions at trial.

Because there remain genuine issues of material fact with respect to each of these claims, summary judgment is not appropriate.  Accordingly, both Whole Foods' and Door Concepts' motions for summary judgment are DENIED.

**SO ORDERED**.                                /s/ Donald L. Cabell
                                                DONALD L. CABELL, U.S.M.J.
DATED: September 27, 2022